**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ROBERT JAMES SWINT,**

    **Plaintiff,**

**vs.**                                                                 **Case No. 4:26cv298-MW-MAF**

**PROCTOR AND GAMBLE,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff is apparently a non-prisoner residing in the Oregon State Mental Institution. He has submitted a pro se, handwritten "complaint" to this Court. ECF No. 1. Plaintiff did not pay the filing fee for this case or submit an in forma pauperis motion with the required supporting financial affidavit. Under the local rules of this Court, a party who files "a civil case must simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed in forma pauperis under 28 U.S.C. § 1915." N.D. Fla. Loc. R. 5.3. Because Plaintiff did not do so, this case could be summarily dismissed without prejudice.

However, another reason to dismiss the case is more apparent - Plaintiff's complaint is nonsensical and frivolous.  ECF No. 1.  Plaintiff asserts that this case is filed under Title VII, 42 U.S.C. § 2000(e) for "job discrimination."  Yet there are no facts alleged which support such a claim.  It does not appear that Plaintiff has been recently employed, nor has Plaintiff shown that he received a "right to sue" letter from the E.E.O.C. (Equal Employment Opportunity Commission).  Thus, he has not exhausted administrative remedies as required.

Moreover, none of the statements made in the "complaint" are comprehensible and no facts are presented which explain why this case was filed in the Northern District of Florida.  Judicial notice is taken that over the past few years, Plaintiff has initiated over 150 cases in federal courts across the nation, from Alaska to Wyoming.[1]  It is apparent that Plaintiff files case for recreation and not for redress of grievances.  This action is frivolous.

Federal law permits a United States District Court to dismiss a case filed in forma pauperis, if it is satisfied that the action is frivolous or malicious.  The Supreme Court has recognized two types of cases which

---

[1] Plaintiff filed a case in this Court in 2021 which was dismissed as frivolous.  *See* 4:21cv206-MW-MAF..

may be dismissed sua sponte pursuant to 28 U.S.C. § 1915(d).  Neitzke v. Williams, 490 U.S. 319, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). The first class are "claim(s) based on an indisputably meritless legal theory," and the second class contain "claims whose factual contentions are clearly baseless."  *Id.*  This case lacks an arguable basis in law and is incomprehensible.  There is no need to continue this case.

Although Plaintiff did not pay the Court's filing fee and he has not been granted in forma pauperis status, there is no need to delay dismissal of this case only to resolve the issue of the filing fee.  Dismissal is appropriate and should be done sooner rather than later.

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED** as frivolous and this case be closed.

**IN CHAMBERS** at Tallahassee, Florida, on June 26, 2026.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R.**

**Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**